ALMA J. GRIFFIN, ADMINISTRATRIX OF J. J. GRIFFIN, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 October, 1914.)

**Railroads — Headlights — Negligence—Pedestrians—Trespassers — Trials—Evidence—Questions for Jury.**

It is negligence for a railroad company to run its train on its main line at night without a headlight on the forward end of the train, and it is responsible in damages for an injury thereby proximately caused to a pedestrian, whether he at the time was a licensee or trespasser; and where the evidence tends to show that the plaintiff's intestate was seen walking upon the defendant's track at night, where pedestrians were accustomed to walk, going in a certain direction, and that soon thereafter the defendant's train was seen running there in the same direction, and the intestate was found the next morning mutilated on the track in such position as to indicate that he had been killed by the defendant's train, it is sufficient to be submitted to the jury upon the issue as to defendant's negligence, leaving the defense of contributory negligence available to the defendant under the surrounding circumstances.

APPEAL by defendant from *Peebles, J.,* at February Term, 1914, of HARNETT.

Civil action. The following issues were submitted to the jury:

1. Was plaintiff's intestate killed by the negligence of the defendant?

2. Did the plaintiff's intestate, by his own negligence, contribute to his own injury?

3. What damage, if any, is the plaintiff entitled to recover?

*N. A. Townsend, E. F. Young, and R. L. Godwin for plaintiff.*
*George M. Rose, J. C. Clifford for defendant.*

BROWN, J. At the close of all the evidence, the court being of the opinion that there was no evidence of negligence of the defendant, and the court having intimated that it would charge the jury upon all the evidence to answer the first issue in favor of the defendant, the plaintiff, in deference to this ruling of the court, excepted and submitted to a nonsuit and appealed.

The plaintiff's evidence tends to prove that on the night of 21 July, 1912, some time between 3 o'clock a. m. and morning, the plaintiff's intestate was killed by one of the defendant's trains near the corporate limits of the town of Dunn. The defendant's railroad runs almost north and south through the town of Dunn and plaintiff's intestate resided about 1 mile south of the corporate limits of the town and near the defendant's railroad. Plaintiff's intestate was last seen between 3 and 4 o'clock a. m. on the night of 21 July, 1912. He was then in an intoxicated condition, going in the direction of his home, walking along the track of the defendant railroad company. He called at the house of Ed. Smith and asked for water, and after getting the water, left, walking along the railroad track going south in the direction of his home.

A few minutes thereafter a freight train passed, coming from the south, going north. This train was without any lights. The train had two engines and the front one was running backwards with no headlight. The body of the plaintiff's intestate was found next morning a short distance south of Ed. Smith's house, lying upon defendant's track in a badly mangled condition. The tracks of the defendant company were level and straight for nearly a mile in each direction from the place where deceased

166—40

was killed, and the tracks at this place were much used as a common footway by the traveling public, both day and night.

It is negligence upon the part of a railroad company to run its engines along its tracks, and especially its main line, without a headlight which will cast its light upon the track in the direction in which the train is going—is negligence not only according to the common law and a multitude of decisions in the courts of this country, but it is made so by statute. The law requires a railroad company not only to equip their engines with headlights, but headlights of a certain kind and intensity. *Powers v. R. R., ante,* 599.

The learned counsel for the defendant, Mr. Clifford, very candidly admitted on the argument that the circumstances in evidence of this case are amply sufficient to go to the jury and to justify a finding that the plaintiff's intestate was killed by the engine hereinbefore mentioned. That being true, we have the facts in evidence that the engine was without any headlight; furthermore, that it ran over and killed the intestate. This admission was very properly made, because it is patent that the intestate was killed by the defendant's engine, as his head was severed from his body and was found between the rails of the track. We have, therefore, in evidence both the negligence and the injury.

The position contended for, that the railroad company did not owe the intestate any degree of care except not to willfully and wantonly injure him, cannot be maintained. It is immaterial whether the intestate was a licensee or a mere trespasser. The defendant owed it to him and to all other persons, whether on the track rightfully or wrongfully, to have a headlight upon its engines in order that the engineer may be enabled to discover, not only human beings, but any obstruction upon the track, and this is not only for the protection of the passengers and employees of the defendant, but for the protection of all persons who may for any reason be on the track.

While such duty is incumbent upon the railroad company, the omission of it does not always excuse the licensee or trespasser. It is always incumbent upon them to keep a lookout and to exercise reasonable care for their own protection.

The defendant is not barred under the facts of this case from offering evidence tending to prove that the intestate was guilty of contributory negligence, himself. *Hill v. R. R., ante,* 592.

There is evidence in the record from which the jury may find, if they see fit, contributory negligence upon the part of the intestate, but the evidence is not of that character as will justify the court in any view of it to sustain a motion to nonsuit upon that ground. Besides, his Honor did not base his ruling upon contributory negligence, but solely upon the idea that there was no evidence of negligence upon the part of the defendant, and that he would so charge the jury.

For this error there must be a

New trial.